PENN MUTUAL LIFE INSURANCE COMPANY

*v.*

SAMUEL SEMPLE et al.

On the foreclosure of a mortgage on a factory, it was decided, in this court, that the mortgage did not cover certain machinery therein on which the defendant, as a judgment creditor of the mortgagor, had levied. Thereupon the defendant sold that machinery under his execution and bought it himself. Afterwards the complainant appealed from the decision of this court as to the machinery.—*Held,* that complainant was entitled to an injunction restraining the defendant from disposing of the machinery pending the appeal, and to have a receiver therefor appointed, upon giving the defendant proper security.

Bill to foreclose. On motion for a receiver.

*Mr. S. H. Grey,* for the motion.

*Mr. J. T. Semple* and *Mr. B. Gummere, contra.*

THE CHANCELLOR.

The bill was filed to foreclose a mortgage held by the complainant on a factory or mill property. A controversy arose between the complainant and a judgment creditor, who had levied his execution on some of the machinery, as to whether the mortgage covered that machinery or not. It was decided in this court that it did not, and the judgment creditor was therefore at liberty to sell under his execution. He did so, and bought the machinery in himself. The complainant, having appealed from so much of the decree as is adverse to its claim to that machinery, now asks that the judgment creditor be restrained from disposing of it pending the appeal, and that a receiver be appointed. It appears to me quite clear that it is the duty of this court to grant the motion. The value of the property in question is large. The complainant must lose a large part of its debt if it cannot have recourse to it. The counsel who oppose this motion urge

that inasmuch as the judgment creditor has been permitted by this court to proceed to sale under his execution at law, this court has no longer any control over the property, or if it has, it ought not, under the circumstances, to exercise it. But the property is still within the jurisdiction of this court. The title to it has been changed, it is true, by the judicial sale, but the judgment creditor has bought it and still owns it. If the part of the decree appealed from be affirmed, he will have the property; if it be reversed, the complainant will have the benefit of it. When the property was sold the complainant had not appealed, but it had the right to do so. It not only was not then certain that the controversy between the parties was ended, but in fact it was not, as the sequel has proved. The sale was not ordered by this court, but the judgment creditor, being at liberty, so far as the judgment of this court was concerned, to sell the property, took the responsibility of doing so, and he did it subject to the right to appeal, and with the liability to such action in regard to it pending the appeal, while it should remain within the jurisdiction of this court, as to this court should seem proper. The question between him and the complainant, as to their respective rights to the property, has not yet been finally determined, and will not have been so until the appeal shall have been disposed of. He, however, should have security to protect him against loss by reason of this action of the court.